————o————

## No. 6824.

## WILFORD COLONGNE v. NAPOLEON REALTY CO.

### Syllabus.

In general time is not of the essence of a contract to do or to give. Hence such a contract is not rescinded by mere lapse of time without a putting in default, unless it be shown by circumstances that the time of performance was of such importance that the parties would not have contracted otherwise.

Appeal from the Civil District Court, Parish of Orleans, No. 116,312, Division "B"; Honorable Fred D. King, Judge. Reversed and remanded.

Howell Carter, Jr., for plaintiff and appellant.

George Montgomery, for defendant and appellee.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court, as follows:

This is an action to compel specific performance of a contract the substance of which is as follows: That plaintiff agrees to purchase from one Hopkins certain real estate (title to which stands in the name of defendant), that part of the price has been paid to said Hopkins; that the balance is to be paid on passage of the formal act of sale, which sale is to be executed on or before May 1st, 1915; that defendant takes cognizance of said agreement, and binds itself to execute a formal act of sale to plaintiff upon payment of the sum of $450 by said Hopkins to said defendant.

Plaintiff recites that shortly (that is within a year) after May 1st, 1915, he offered to pay the plaintiff said sum of $450 and demanded a formal act of sale, which defendant refuses to execute.

To this petition defendant filed several exceptions. 1. No cause of action. 2. Non joinder of Hopkins. 3. Vagueness. 4. Sundry irrelevant allegations in the petition and annexes.

### I.

If there be irrelevant allegations in the petition and annexes thereto, it is no reason to dismiss the suit or even to expunge them from the petition; (since they contain no offensive matter) it suffices that they be excluded when the evidence is taken.

## II.

The exception of vagueness is without merit, and is not insisted upon.

## III.

Hopkins is not a necessary party to this suit, he has no further interest in the subject matter thereof since it appears from the contract itself that the balance due him by plaintiff is very much less than he was to pay defendant, and which plaintiff now offers to pay in his stead.

## IV.

The exception of no cause of action, is based upon the assumption that there are no contractual relations between plaintiff and defendant, but this is clearly a misapprehension. Defendant in so many words bound itself to execute a deed to plaintiff himself, upon receipt of $450. True the payment was to be made by Hopkins, but this is of no consequence, since the only interest defendant has is to receive the money, which may be paid by anyone. C. C. 2133, 2134, 2135, 2136, 2137.

## V.

The exception of no cause of action is further based upon the offer to pay having been made after the date on which the sale was to be executed. But in general time is not of the essence of a contract to do or to give. C. C., 1914.

Hence such a contract is not rescinded by the mere lapse of time without a putting in default (C. C., 1912); unless it be shown by circumstances that the time of performance was of such importance that the parties would not have contracted otherwise. *Watson v. Feibel*, 139 *La.*, 71 *Southern*, 585.

114

The following cases are cited as holding a contrary doctrine, to-wit: *Bennett v. Fuller*, 29 *An.*, 663; *Joffrion v. Gumble*, 123 *La.*, 391; *Guerard v. Howard*, 139 *La.*, 71 *Southern Rep.*, 501.

But these cases actually confirm the doctrine as above set forth, since they were not disposed of on exception, but only after a hearing on the merits and a full opportunity to look into the circumstances of each particular case. And this is what we think should be done here.

The judgment appealed from is therefore reversed, and it is now ordered that the exceptions herein be overruled and the case remanded to the Court *a qua* to be proceeded with according to law.

Opinion and decree, December 4th, 1916.